IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MITCHELL,

        Plaintiff,                    No. CIV S-09-2241 KJM

   vs.

SKYLINE HOMES,

        Defendant.              ORDER

_____/

        Defendant's motion to dismiss came on regularly for hearing October 28, 2009. Eugene P. Haydu appeared for plaintiff. Daniel J. Kelly appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing, THE COURT FINDS AS FOLLOWS:

        Plaintiff alleges claims for negligence, strict products liability, breach of implied warranty, and unfair business practices. Defendant has moved to dismiss on the basis that plaintiff's claims are barred by conflict preemption and California's "economic loss rule."

        In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

At the same time, in order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Defendant contends that conflict preemption bars all of plaintiff's claims. Defendant argues that it has complied with 24 C.F.R. § 3280.504(b), which reflects a range of authorized options for builders with respect to exterior wall construction. Defendant cites several cases to support the proposition that allowing plaintiff's state tort claims to proceed would effectively penalize defendant for choosing a federally authorized option, thus presenting a conflict with the superintendence of federal law over manufactured home construction. However, the authorities cited by defendant are all distinguishable from the instant case because the complaints in all of the cited cases clearly invoked § 3280.504(b). See Murphy v. S. Energy Homes, 2008 WL 652902, *2 (M.D. Ala. 2008) ("Plaintiff's claims are based on [d]efendants' construction of the exterior walls of [p]laintiff's home with interior vapor barriers"); Guidroz v. Champion Enters., Inc., 2007 U.S. Dist. LEXIS 77611, *3 (W.D. La. 2007) (alleging "…vapor barrier…does not comply with accepted engineering practices…"); Perry v. Fleetwood Enters., Inc., 2007 WL 2893410, *6 (M.D. Ala. 2007) (alleging that "defendants have knowingly chosen to build homes to a known defective optional standard… under 24 C.F.R. § 3280.504.").

In contrast, plaintiff in the instant case has not invoked § 3280.504(b) or "vapor barriers" in her complaint. Moreover, § 3280.504(b) falls within a broader category of regulations for thermal protection and condensation control, whereas plaintiff's claims are

predicated on a lack of weather resistance, i.e., damage from precipitation, not condensation. The regulations governing plaintiff's claims in the instant matter are 24 C.F.R. §§ 3280.303 and 3280.307.  Because these sections set forth minimum requirements and are not specific as to the mode of construction, plaintiff's claims are not barred by conflict preemption.

Defendant also contends that plaintiff's tort claims are barred by California's "economic loss rule," which prevents homeowners from recovering damages against builders for defects that have not caused property damage.  The defendant relies on <u>Mills v. Forestex Co.</u>, 108 Cal.App.4th 625 (2003), for the proposition that the economic loss rule applies to tort causes of action based on alleged siding defects.  Defendant argues that, as in <u>Mills</u>, plaintiff fails to state a cause of action because she has not adequately alleged in her complaint that there was any property damage beyond the defective exterior walls themselves.

In the instant case, plaintiff has alleged damage to "framing, siding, and interior components" of her home as well as damage to "personal property resulting from the defects" within her home.  <u>See</u> Compl. ¶¶ 33, 38.  Construing the complaint in the light most favorable to the plaintiff,  these statements allege damage to portions of the home other than the exterior wall. Consequently, the economic loss rule does not bar plaintiff's action. However, plaintiff conceded at the hearing in this matter that the complaint could be amended to more fully set forth the property damage allegations.  The motion to dismiss therefore will be granted with leave to amend.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss is granted with leave to amend.  Plaintiff shall file an amended complaint within thirty days.

DATED: November 24, 2009.

tk   mitchell.oah

_____
U.S. MAGISTRATE JUDGE