IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MITCHELL,

      Plaintiff,                    No. CIV S-09-2241 KJM

   vs.

SKYLINE HOMES,

      Defendant.               ORDER

_____/

        Defendant's motion to dismiss and to strike class allegations came on regularly for hearing March 3, 2010. Shana Scarlett appeared for plaintiff and Dan Kelly appear for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing, THE COURT FINDS AS FOLLOWS:

I. <u>Motion To Strike</u>

        Defendant moves to strike the class allegations, contending that the class definition is not limited to original purchasers and is not limited to purchasers who complied with the terms of the limited written warranty. Defendant further contends that to the extent plaintiff cannot state a viable claim, she is not an appropriate representative. Defendant's motion to strike is premature; these arguments are appropriately made in response to a motion to certify the class. To the extent the complaint fails to state a claim, the nonviable causes of action will be

1

1  dismissed and the class action will proceed on the remaining claims.  The motion to strike will
2  therefore be denied.

3  II.  Motion To Dismiss

4          Defendant contends all of the warranty claims are barred by the statute of
5  limitations.  In the third cause of action, plaintiff alleges a claim for breach of express warranty.
6  The express warranty at issue in this action is that "manufacturing defects reported to Skyline
7  within 15 months after original retail delivery by an authorized dealer will be corrected without
8  charge and within reasonable time."  First Am. Compl. ¶ 31.  Plaintiff's manufactured home was
9  purchased in 1997.  This action was filed on June 29, 2009 in state court, long after the
10  expiration of the express warranty period.  The express warranty claim is time barred.  See
11  Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022-23 (9th Cir. 2008) (express warranty
12  does not cover repairs made after applicable time period); see also Daugherty v. Am. Honda
13  Motor Co., 144 Cal.App.4th 824, 830-31 (2006).

14          The fourth cause of action is for breach of implied warranty under California
15  Commercial Code § 2314.  Defendant contends that since it is a manufacturer of the home, and
16  not the seller, it does not stand in vertical privity and so an implied warranty claim cannot lie.
17  Given the relationship alleged in the first amended complaint between the plaintiff, the seller,
18  and the defendant, there appear to be sufficient allegations to overcome the bar of vertical privity.
19  See Clemens, 534 F.3d at 1023 (particularized exception to vertical privity arises when plaintiff
20  relies on written labels or advertisements of manufacturer); U.S. Roofing, Inc. v. Credit Alliance
21  Corp., 228 Cal.App.3d 1431, 1441-42 (1991) (direct dealings exception to vertical privity); see
22  also Gonzalez v. Drew Industries, (C.D. Cal. 2007) 2007 Lexis 35952.

23          Even if the bar of vertical privity is overcome, however, the implied warranty
24  claim is fatally defective because it is barred by the statute of limitations.  California Commercial
25  Code § 2725(1) provides for a four year statute of limitations after a cause of action for breach of
26

warranty has accrued.[1]  A cause of action for breach of warranty accrues when tender of delivery is made.  Cal. Comm. Code § 2725(2).  Tender was made in 1997, and thus the statute of limitations has long ago expired.  Plaintiffs argue that, under subsection (2), when the warranty explicitly extends to future performance, the cause of action does not accrue until the discovery of the breach.  An implied warranty is one that arises by operation of law and thus does not extend to future performance.  <u>Cardinal Health v. Tyco Electronics Corp.</u>, 169 Cal.App.4th 116, 134 (2008).  Even if the express warranty time period of fifteen months was considered to extend the accrual of the implied warranty claim, the statute of limitations would have expired no later than 2002.  Plaintiff's claims for breach of implied warranty under the California Song-Beverly Act (Cal. Civ. Code § 1790, <u>et seq.</u>) (plaintiff's fifth cause of action), and under the Magnuson-Moss Warranty Act 15 U.S.C. §§ 2301, <u>et seq.</u> (plaintiff's sixth cause of action), are similarly time barred.  <u>See</u> <u>Daugherty v. American Honda Motor Co., Inc.</u>, 144 Cal.App.4th 824, 832-33 (2007) (in absence of state law warranty claim, action under Magnuson-Moss cannot lie).

   Plaintiff alleges a seventh cause of action for violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, <u>et seq.</u>  The alleged defect, i.e., lack of a secondary water barrier, manifested itself after the expiration of the express warranty period.  Under these circumstances, a claim under the CLRA is time barred.  <u>See</u> <u>Oestreicher v. Alienware Corp.</u>, 544 F.Supp.2d 964, 969 (N.D. Cal. 2008).

   In the eighth cause of action, plaintiff alleges a claim under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, <u>et seq.</u>  This claim is predicated on unlawful, unfair or fraudulent practices based on negligence, strict liability, violations of the causes of action discussed above, violation of Housing and Urban Development standards and violation of the California Right to Repair Act ("RORA"), Cal. Civil Code §§ 896(10) and (11).  Because the warranty causes of action must be dismissed, the UCL claim cannot proceed on

---

[1] This section also provides that the parties may reduce the period of limitation to not less than one year but may not extend it.

those claims.  Plaintiff concedes the RORA applies only to new residential units purchased after January 1, 2003.[2]  The UCL claim will be dismissed to the extent it is predicated on the dismissed causes of action.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to strike class allegations is denied.

2. The motion to dismiss is granted.  The third through seventh causes of action are dismissed and the eighth cause of action for unfair business practices is dismissed to the extent that claim is predicated on the dismissed causes of action and RORA.

DATED: May 3, 2010.

_____
U.S. MAGISTRATE JUDGE

mitchell2.oah

---

[2] Plaintiff contends the allegation alleging a UCL claim predicated on RORA should not be dismissed pending plaintiff's securing a new class representative who could state such a claim.  In the event plaintiff wishes to proceed on such a claim, plaintiff will need to seek leave to amend the complaint and to join another plaintiff as a class representative who can properly allege such a claim.  As the action now stands, however, the UCL claim cannot proceed on an alleged violation of RORA.

4