IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MITCHELL, et al.,

     Plaintiffs,                    No. CIV S-09-2241 KJM

    vs.

SKYLINE HOMES,

     Defendant.              ORDER

_____/

        Defendant's motion to dismiss came on regularly for hearing August 25, 2010. Shana Scarlett and Eugene Haydu appeared for plaintiffs and Dan Kelly appear for defendant. Upon review of the documents in support and opposition, upon review of the supplemental briefing, upon hearing the arguments of counsel, and good cause appearing, THE COURT FINDS AS FOLLOWS:

        Defendant contends plaintiffs' warranty claims are barred by the statute of limitations. This court previously has ruled this contention is well taken with respect to plaintiff Mitchell. See Order filed May 4, 2010 (docket no. 41). Under the doctrine of law of the case,

/////

/////

/////

1

this issue will not be revisited and any such claims in the second amended complaint will be dismissed.[1]  See Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.1993).

The second amended complaint adds two plaintiffs, who purchased their manufactured home on March 29, 2006.  This action was filed in state court on June 29, 2009 as a class action.  As to the class members, the statute of limitations was tolled as of the filing of the state class action.  American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974).  Therefore, any claims with a statute of limitations four years or longer will not be barred.

Plaintiffs' third cause of action is for breach of express warranty.  The express warranty at issue provides that "manufacturing defects reported to Skyline within 15 months after original retail delivery by an authorized dealer will be corrected without charge and within reasonable time."  Second Am. Compl. ¶ 76.  With respect to the express warranty claim of the plaintiffs Wright, plaintiffs make no allegation that any manufacturing defect was reported to Skyline with fifteen months of the March 2006 delivery.  Plaintiffs cannot allege the conditions precedent to stating an express warranty claim and the claim is therefore time barred by the terms of the express warranty.  See Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1022-23 (9th Cir. 2008) (express warranty does not cover repairs made after applicable time period); see also Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824, 830-31 (2006).

The fourth cause of action is for breach of implied warranty under California Commercial Code § 2314 and the fifth cause of action is for breach of implied warranty under the California Song-Beverly Act, California Civil Code § 1790, et seq..  Plaintiffs also allege an implied warranty claim under the federal Magnuson-Moss Warranty Act,[2] 15 U.S.C. § 2301, et seq.  California Commercial Code § 2725(1) provides for a four year statute of limitations after a

---

[1] Plaintiff argues additional allegations should allow the Mitchell implied warranty claims to go forward.  This argument was addressed in the court's prior ruling.  See May 4, 2010 Order at 3:3-3:9.

[2] Magnuson-Moss does not provide for a separate statute of limitations and follows the state statute of limitations.

cause of action for breach of warranty has accrued.³ A cause of action for breach of warranty accrues when tender of delivery is made. Cal. Comm. Code § 2725(2). Tender was made to plaintiffs Wright in 2006; thus their implied warranty claims are timely. Defendant contends the implied warranty claims cannot lie because the Wright plaintiffs have alleged only a "potential defect." See Second Am. Compl. ¶ 52. However, plaintiffs also allege that the lack of a weather-resistive barrier would allow water to penetrate into the wall unit, that this defect was substantially certain to cause extensive dry rot, that property damage caused by the defect has developed over a number of years, and that the damage has been continuous and progressive. Id. ¶¶ 50, 54. These allegations are sufficient at the pleading stage. The Wright plaintiffs' implied warranty claims may proceed.

Plaintiffs allege a seventh cause of action for violation of the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, et seq. The CLRA prohibits specific deceptive or unfair acts in any "transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). Defendant contends the CLRA does not apply to manufactured homes under the exemption for structures provided under California Civil Code § 1754. The court finds persuasive the reasoning in Gonzalez v. Drew Industries, 2007 U.S. Dist. Lexis 35952 (C. D. Cal. 2007), and declines to read into the law an exception not incorporated by the Legislature. A three year statute of limitations applies to an action under the CLRA. Cal. Civil Code § 1783. The second amended complaint adequately pleads delayed discovery of Skyline's failure to disclose the lack of a weather-resistive barrier, creating unsafe and unhealthy conditions, and loss of value in the homes, which is sufficient to toll the statute of limitations. See Second Am. Compl. ¶¶ 26-34, 71, 116; see also Yumul v. Smart Balance, Inc., 2010 WL 3359663 (C.D. Cal. 2010) (delayed discovery rule applicable in CLRA claims). The motion to dismiss the CLRA claim will be denied.

---

³ This section also provides that the parties may reduce the period of limitation to not less than one year but may not extend it.

In the eighth cause of action, plaintiff alleges a claim under the California Right of Repair Act ("RORA"), California Civil Code § 895 et seq. The Wrights' home is subject to the statute because it was purchased after January 2, 2003. Defendant contends it is not a builder within the meaning of the statute and thus is not subject to its provisions. Defendant cites no case law in support of this contention. Under the last clause of RORA's definition of "builder," see Cal. Civil Code § 911(a),[4] it appears defendant falls squarely within the definition. The Wrights' claim under RORA therefore will not be dismissed.

Defendant also contends the ninth cause of action under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., should be dismissed to the extent it is predicated on causes of action relating to warranty. As discussed above, the only warranty claim of the plaintiffs Wright that will be dismissed is the express warranty claim. Defendant also contends the UCL claim is barred by the four year statute of limitations under California Business & Professions Code § 17208. Because the statute of limitations was tolled as to the class members, the UCL claim also is timely as to plaintiffs Wright. With respect to plaintiff Mitchell's UCL claim, the second amended complaint sets forth sufficient allegations to toll the statute of limitations. See Second Am. Compl. ¶¶ 26-35; see also Broberg v. Guardian Life Ins. Co. of America, 171 Cal. App. 4th 912, 921 (2009) (while recognizing split of authority

---

[4] California Civil Code § 911 provides:

(a) For purposes of this title, except as provided in subdivision (b), "builder" means any entity or individual, including, but not limited to a builder, developer, general contractor, contractor, or original seller, who, at the time of sale, was also in the business of selling residential units to the public for the property that is the subject of the homeowner's claim or was in the business of building, developing, or constructing residential units for public purchase for the property that is the subject of the homeowner's claim.
(b) For the purposes of this title, "builder" does not include any entity or individual whose involvement with a residential unit that is the subject of the homeowner's claim is limited to his or her capacity as general contractor or contractor and who is not a partner, member of, subsidiary of, or otherwise similarly affiliated with the builder. For purposes of this title, these nonaffiliated general contractors and nonaffiliated contractors shall be treated the same as subcontractors, material suppliers, individual product manufacturers, and design professionals.

1  in California as to applicability of delayed discovery rule in UCL claims, rule held to apply to
2  UCL claim alleging deceptive marketing materials and sales practices, where harm from unfair
3  conduct will not reasonably be discovered until future date).
4         Defendant further asserts that the tenth cause of action for declaratory relief
5  improperly seeks piecemeal declarations.  Declaratory relief is available under 28 U.S.C. § 2201.
6  Plaintiffs specifically seek two factual findings and a third declaration in the nature of injunctive
7  relief.  Plaintiffs are entitled to the declaratory relief sought should they prevail on the merits.  As
8  presently pled, the court finds nothing objectionable in the tenth cause of action; accordingly,
9  defendant's motion to dismiss this claim will be denied.
10        Accordingly, IT IS HEREBY ORDERED that:
11        1.  The warranty claims of plaintiff Mitchell are dismissed.
12        2.  The motion to dismiss the third cause of action for breach of express warranty
13  is granted.
14        3.  The remainder of the motion to dismiss (docket no. 50) is denied.
15        4.  A further status conference is set for October 13, 2010 at 10:00 a.m. in
16  courtroom no. 26.
17  DATED:  September 23, 2010.

_____
U.S. MAGISTRATE JUDGE

mitchell3.oah