IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MITCHELL, et al.,

    Plaintiffs,                No. CIV S-09-2241 GGH (TEMP)

    vs.

SKYLINE HOMES,

    Defendant.                <u>ORDER</u>

_____/

        Plaintiff's motion for interim preservation order came on regularly for hearing February 24, 2011. Shana Scarlett appeared for plaintiffs and Daniel Kelly appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing, THE COURT ENTERS THE FOLLOWING INTERIM PRESERVATION ORDER:

        **I.**        **SCOPE OF DOCUMENTS SUBJECT TO PRESERVATION**

        1.        This case alleges that Skyline Homes, Inc. "Skyline" has failed to manufacture homes with adequate weather-resistive barriers. Weather-resistive barriers are part of exterior wall systems that protect building materials from exterior-water penetration. This case is brought on behalf of the named Plaintiffs and a class of California residents who purchased Skyline homes. Plaintiffs seek the preservation of all Documents related to these

\\\\\

claims.[1]

## II. SCOPE OF THE ORDER

2. This Order addresses the preservation of documents. The Order does not address, limit or determine the relevancy, discoverability, or admissibility of any document, regardless of whether the document is required to be preserved pursuant to the terms of the Order. The Order does not expand the preservation requirements under the Federal Rules of Civil Procedure, and it does not limit any protection provided by Federal Rule of Civil Procedure 37(e) or other applicable Rules. The Parties do not waive any objections as to the production, discoverability, or confidentiality of Documents, including electronically stored information ("ESI"), preserved under the Order. The Order also does not address the Parties' respective responsibilities for the costs of retrieving or producing Documents that may be subject to discovery. Moreover, nothing in the Order limits or specifies the form of production of Documents as provided in the Federal Rules of Civil Procedure or as may be agreed to by the Parties or ordered by the Court.

3. The scope of this Order defines preservation obligations of the Parties on a going-forward basis unless otherwise specified in this Order. The Parties agree to reserve all rights as to preservation obligations prior to entry of this Order. This Order does not authorize the destruction of, or failure to preserve, existing Documents.

## III. DEFINITIONS

4. "Preservation", "Preserve(d)" or "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents, data, and tangible things

---

[1] The court will also issue a memorandum opinion regarding the obligations of counsel and the parties with respect to the preservation of documents, both paper and electronic, during litigation. At this juncture, the case is truly perplexing. The case is styled as a potential class action regarding the above referenced, alleged defect, yet defendant insists there is no, or but one, relevant complaint. At this time, two tentative inferences could be drawn: (1) plaintiff's counsel has been seriously mislead as to the extent of any problem; or (2) the pertinent complaints, many of which must have been forwarded to defendant, have not been retained by defendant, as they probably should have been. The undersigned declines at this time to choose an inference.

reasonably anticipated to be subject to discovery under Federal Rule of Civil Procedure 26, 45 and 56(e) in this action.  Preservation includes taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

5. "Document(s)" shall mean Documents, within the scope and subject matter of this order, as the term is used in Fed. R. Civ. P. 34(a)(I)(A): "[A]ny designated documents or electronically stored information - including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation [of data] by the responding party into a reasonably usable form" that are reasonably anticipated to be the subject of discovery in this action.

6. "Identical Copy" (and all of its variants) shall mean:

(a) A full and complete copy of the original paper Document that does not differ from the original paper Document because of highlights, underlining, marginalia, total pages, attachments, notes, markings or other alterations.  Each such differing copy shall itself be considered an original paper Document and not an identical copy.  For example where there are two Documents with identical content but one has highlighting and the other does not, in such a situation, the two Documents shall not be considered identical.

(b) An electronic Document that is a copy of the original electronic Document excluding metadata.  An Identical Copy shall include matching Documents that contain the same content excluding metadata.  For example, an identical copy would include copies of the same Document saved on the local hard drives and network shared drives of multiple individuals.

7. "Network Accessible Storage Device(s)" shall mean any hard drive or other data-storage device, server or electronic repository mounted or connected through a

1  network directly, or indirectly via the internet, such that it is accessible to multiple users
2  authenticated to that network.

### IV.   DOCUMENTS REQUIRED TO BE PRESERVED

4       8.    Consistent with the Manual for Complex Litigation's objective to
5  eliminate unnecessary litigation costs, the Parties' obligations to preserve Documents pursuant to
6  this Order should be aimed at "best preserv[ing] relevant matter without imposing undue
7  burdens."  See Manual for Complex Litigation, Fourth Edition § 11.442.

8       9.    The preservation obligations of this Order shall continue until final
9  adjudication of this action, including any appeals.

10      10.   The Parties shall retain existing Documents in the form in which the
11 existing Documents currently exist, or in a reasonably useable form the transition to which
12 causes no loss of content or useability.

13      11.   The Parties shall retain Documents in the form created.  ESI may be
14 retained in original or native format except that a Party may copy the ESI to an alternative storage
15 device or media.  The Order does not obligate Parties to segregate Documents from other records
16 or backup media, which are outside the scope of this Order where the Documents may reside.
17 The Order: (i) does not obligate Parties to image Documents otherwise stored in paper form; (ii)
18 does not obligate Parties to retain paper Documents if a party in the ordinary course of its
19 business practices scans, microfiches or otherwise images hard copies of documents for purposes
20 of records retention; and (iii) does not obligate Parties to retain Existing Documents in paper
21 form if a party images or otherwise scans the paper Documents in PDF or TIFF format.

22      12.   The Parties shall preserve Documents as follows:

23         (a)   Paper Documents:  For Documents that are created in paper form,
24 the Parties must preserve at least one identical copy of such Documents in paper form.

25         (b)   Electronic Mail: For electronic mail Documents, the Parties shall
26 take reasonable steps to preserve such Documents, including attachments, and to the extent such

4

information was created and maintained by the electronic-mail system in the ordinary course of business.  The Parties are to preserve all metadata associated with both the e-mail and any attachments to e-mails.  Where a subsequent electronic mail message contains all of the portions of an earlier message, including attachments, that are required to be preserved under this paragraph (e.g. forwarded or replied to messages), it is not necessary for the Party to preserve the earlier message in addition to the subsequent inclusive message.

     (c) Other Electronic Documents on Computer Systems Saved on Network Accessible Storage Devices:  For Documents maintained in electronic form on Network Accessible Storage Devices, the Parties shall take reasonable steps to preserve at least one copy of all such Documents including all metadata that is contained within a file when the file is preserved.  Without restricting their freedom to use reasonable preservation methods, reasonable approaches that the Parties may use to Preserve these Documents could include: (i) preserving an identical copy of all such Documents, (ii) making reasonable efforts to identify individuals whom they reasonably expect create, receive or otherwise come into possession of electronic Documents saved on Network Accessible Storage Devices and to notify them of their duties and obligations to preserve Documents under this Order, or (iii) taking any other reasonable preservation step(s) as appropriate for such data.

     (d) Other Electronic Documents Saved on Local Hard Drives or External Hard Drives or Media:  For electronic Documents saved to a local hard drive, or to external drives or other media such as CDs or DVDs and thumb drives, the Parties shall take reasonable steps to preserve such Documents.  Without restricting their freedom to use reasonable preservation methods, reasonable approaches that the Parties may use to Preserve these Documents could include: (i) preserving an identical copy or image of all such Documents, (ii) taking reasonable efforts to identify individuals whom they reasonably expect to possess electronic Documents saved on Local Hard Drives and notifying them of their duties and

\\\\\

1  obligations to preserve Documents under this Order, or (iii) taking any other reasonable
2  Preservation step(s) as appropriate for such data.
3      13.  The general categories of documents to be preserved include inquiries,
4  complaints, and non-privileged communications, both internal and external, with respect to
5  alleged water intrusion through the exterior siding of the home, Skyline's decision not to use
6  weather resistant barriers on certain homes, the siding materials actually used, the design
7  approval process and compliance with HUD standards, and communications with governmental
8  agencies regarding the exterior siding.  Nothing in this order shall excuse defendant from failing
9  to preserve documents (including those maintained in electronic form), not specifically
10 encompassed by the categories herein, which defendant knows, or should know, are relevant to a
11 claim or defense in this action.  Nothing in this order excuses defendant from failing to produce
12 documents (including those maintained in electronic form), not specifically encompassed by the
13 categories herein, in defendant's actual or constructive possession, and which are properly
14 requested in the course of discovery.

15      **V.   IMPLEMENTATION AND MODIFICATION OF ORDER**
16      14.  The Parties must communicate *in writing* (court's addition and emphasis)
17 the existence and substance of the Order to (i) those individuals or employees responsible for
18 carrying out the Parties' obligations: (ii) employees whom the Parties reasonably believe most
19 likely to possess Documents required to be preserved.
20      15.  The Parties are directed to confer to resolve questions as to what
21 Documents are to be preserved under the Order.  Counsel for the Parties may stipulate and agree
22 in writing that specific Documents need or need not to be preserved.
23      16.  If the provisions of the Order present particular and/or unique problems for
24 a Party, or make it unreasonably burdensome or impossible for a Party to comply with, that Party
25 and opposing counsel may negotiate and agree to any reasonable exception to or modification of
26 the Order.  If such negotiation does not lead to an agreed modification, the Party may apply to

1  this Court for an exception to or modification of the Order.

2        17.    If the Parties are unable to agree as to what Documents: (i) are outside the scope of the Order, (ii) may be destroyed, lost or otherwise altered pursuant to routine policies and programs, or (iii) otherwise need not be preserved, any Party may apply to the Court for clarification or relief from the Order upon reasonable notice.

      IT IS SO ORDERED.

DATED: February 25, 2011

          /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

JMM
mitchell.ggh.oah