IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MITCHELL, et al.,

        Plaintiffs,                         No. CIV S-09-2241 CKD

     vs.

SKYLINE HOMES,

        Defendant.                      ORDER

_____/

        Defendant's motion to compel and motion to implead third parties came on regularly for hearing September 28, 2011. Shana Scarlett appeared for plaintiffs, Daniel Kelly and Rebecca Lefler appeared for defendant, and David Cannon appeared for proposed third party defendant James Hardie Building Products, Inc. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing, THE COURT FINDS AND ORDERS AS FOLLOWS:

        1. Within fourteen days, after counsel for plaintiffs and defendant have met and conferred, plaintiff shall file a letter brief, limited to three pages, on the status of plaintiff's request for sanctions (dkt. no. 90). Defendant may file a reply, limited to three pages, within seven days thereafter.

        2. Defendant's motion to implead third party defendants (dkt. No. 128) is denied without prejudice to its renewal after resolution of the motion for class certification. The court

1

finds that defendant did not unduly delay in moving to implead third party defendants and that the scheduling posture of the litigation does not necessarily preclude impleader. However, in light of the imminent deadline for filing the class certification motion, the court finds impleader is not warranted at this time.

       3. Defendant's motion to compel (dkt. no. 123) is granted in part and denied in part.

           a. Within seven days, defendant shall submit as a corrected Exhibit 31 to the joint statement (dkt. no. 139) a copy of the privilege log provided by plaintiffs.

           b. No later than October 19, 2011, plaintiffs shall submit, for in camera review, all documents withheld from production on the ground of work product protection. Said documents shall be bate-stamped.

           c. Within fourteen days, plaintiffs shall provide a supplemental response to the requests for production of documents, stating whether all responsive documents, except for those for which a claim of work product has been made, have been produced. Plaintiff shall also identify the requests for which no responsive documents have been produced.

           d. Within fourteen days, plaintiffs shall provide verified, supplemental responses to the interrogatories as follows:

                i. C. Mitchell, nos. 1, 2, 8, 9, 10, 11, 12, 17, 18, 19, 23

                ii. J. Wright, nos. 1, 2, 7, 8, 10, 11, 12, 13

                iii. D. Wright, no. 2

Plaintiffs need not provide legal authorities in responding to the interrogatories except where inquiry is made of the statutory provisions on which plaintiffs predicate their claims.

       4. The parties are cautioned that discovery is not a timing device. Failure to provide discoverable information in a timely manner may result in the preclusion of such evidence at trial.

      5. The parties are reminded that discovery disputes should first be resolved through good faith meeting and conferring. L.R. 37-251(b). If no resolution can be reached, the parties may bring the matter before this court. In this case, discovery disputes should be summarized jointly by the parties in a letter brief not exceeding six pages.[1] The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred personally or by phone, and must concisely summarize those remaining issues counsel were unable to resolve. The letter brief may cite to limited and specific legal authority only for resolution of the dispositive issues. The letter brief may not be accompanied by exhibits or affidavits; any excerpt of disputed discovery material must be set out verbatim in the letter. After receipt of the letter brief, the court will then advise the parties concerning whether additional briefing or a telephonic conference will be necessary.

Dated: September 29, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
mitchell7.ckd.oah

---

[1] The letter brief shall be in 12 point type with one-inch margins.