IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MITCHELL, et al.,

    Plaintiffs,                  No. CIV S-09-2241 CKD

    vs.

SKYLINE HOMES,

    Defendant.                 ORDER

_____/

        Pending before the court is plaintiffs' ex parte application for extension of time to comply with the court's September 29, 2011 order directing plaintiff to submit documents for in camera review. Noticed for hearing on November 2, 2011 is plaintiffs' motion to reconsider the September 29, 2011 order. Because oral argument is not of material assistance, these matters are submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support and opposition, and good cause appearing, THE COURT FINDS AS FOLLOWS:

        Plaintiffs request an extension of time to comply with the court's order directing plaintiffs to submit for in camera review documents responsive to defendant's discovery requests which were withheld under the work product doctrine. Plaintiffs assert that compliance with the court's order would be unduly burdensome because allegedly thousands of documents would have to be produced. The court's order does not call for such production.

1

Defendant propounded discovery relating to the general issues of plaintiffs' damages and possible other causes of damages, weather resistive characteristics of the siding used on plaintiffs' homes, and identification of class members and their damages. In response, plaintiff provided minimal substantive responses and made blanket work product objections to the discovery. A privilege log was not provided for all the documents withheld on the basis of work product nor was any general description of the withheld documents made.[1] In briefing on the defendants' motion to compel, plaintiffs continued to stand on their objection, essentially contending that any claim of work product was completely unreviewable by the court. Now, on the motion to reconsider, plaintiffs have finally identified seven general categories of documents withheld under the work product doctrine.[2] See Decl. of Shana Scarlett, dkt. no. 144. It is apparent from counsel's affidavit and the motion to reconsider that plaintiffs misapprehend the import of the court's order on the motion to compel. The court has not ordered production of documents protected under the work product doctrine. The court has not ordered production of counsel's complete files for in camera review. But given the paucity of information provided in plaintiffs' privilege log, the court cannot meaningfully review plaintiffs' blanket claim of work product protection, particularly here where minimal responsive discovery has been produced on issues directly relating to class certification, absent in camera review of the documents

\\\\

\\\\

---

[1] Plaintiff submitted a privilege log identifying 25 documents withheld on the basis of attorney-client privilege. Dkt. no. 141, Corrected Exhibit 31. Along with the claim of attorney-client privilege, some of the documents included in the privilege log included a claim of attorney work product.

[2] Under Local Rule 230(j)(4), an application for reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The only new facts presented here are plaintiffs' counsel's description of the general categories of documents withheld. It appears the application for reconsideration fundamentally rests on simple reargument of the issues previously raised on the motion to compel.

1 responsive to the discovery but which have been withheld from production under the claim of
2 work product.[3]

3       Presumably, in response to defendant's discovery requests, plaintiffs' counsel in
4 good faith carefully reviewed and categorized their files for responsive documents and all that
5 remains to be done is simply copying and bate stamping the documents.  Of the categories of
6 documents identified by plaintiffs' counsel (dkt. no. 144), plaintiffs need not produce for <u>in
7 camera</u> review documents in the first, second, sixth and seventh categories.  With respect to the
8 fourth category, plaintiffs need not produce pleadings and briefs.  The remaining categories of
9 documents shall be produced for <u>in camera</u> review within the time line previously set forth in the
10 order on the motion to compel.

11       Accordingly, IT IS HEREBY ORDERED that:

12       1. Plaintiffs' ex parte application for extension of time to comply with the court's
13 September 29, 2011 order (dkt. no. 145) is denied.

14       2. The hearing date of November 2, 2011 is vacated.  Plaintiffs' motion to
15 reconsider (dkt. no 143) is denied.

16 Dated: October 13, 2011

17 _____
18 CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19
20 [4] mitchell8.ckd.rec

---

[3] Fed. R. Civ. P. 26(b)(3) Advisory Comm. Note, 48 F.R.D. 487, 501 (1970) notes: "No change is made in the existing doctrine, noted in the Hickman case, that one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable."