IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MITCHELL, et al.,

    Plaintiffs,               No. CIV S-09-2241 CKD

    vs.

SKYLINE HOMES,

    Defendant.              ORDER

                              /

Plaintiffs were directed to submit documents for in camera review. Plaintiffs submitted 2,850 pages. Upon review of these documents, and good cause appearing, THE COURT FINDS AS FOLLOWS:

The documents submitted for in camera review are at issue in a discovery dispute. Defendant propounded requests for production of documents and interrogatories relating to the general issues of plaintiffs' damages and possible other causes of damages, weather resistive characteristics of the siding used on plaintiffs' homes, and identification of class members and their damages. In response, plaintiffs provided minimal substantive responses and made blanket work product objections to the discovery. Defendant moved to compel and on a motion to reconsider the order on the motion to compel, plaintiffs identified seven general categories of documents withheld under the claim of work product. The court ordered submission for in camera review the documents identified by counsel as the third, fourth, and fifth categories, i.e.

1

1  collections of defendant's documents organized by plaintiff's counsel, discovery and other
2  documents with plaintiffs' counsel's handwritten notes, and communications and interviews with
3  witnesses.

4        A careful review of the documents submitted <u>in camera</u>[1] calls into question the
5  legitimacy of plaintiffs' litigation tactics in this matter.  The document requests at issue ask for
6  production of documents identified by plaintiff in the initial disclosures, documents relating to
7  damages to plaintiffs' and class members' home and personal property, pest inspections, repairs,
8  plumbing leaks, leaks through the roof or walls, and damage from weather events. (Dkt. no. 139,
9  pp. 13-16.)  Of the 2,850 pages submitted by plaintiffs, at least 2,271 pages appear to be nothing
10 more than defendants' own documents produced in response to plaintiffs' discovery requests, the
11 majority of which are bate-stamped as such on the bottom right of the page.  Although there are a
12 few handwritten notes by plaintiffs' counsel and some highlighting on a minimal number of these
13 pages, over seventy nine percent of the documents allegedly withheld on the basis of work
14 product are defendants' own documents.  It is difficult to discern why, for instance, plaintiffs'
15 counsel believes that an unannotated copy of defendants' initial disclosure or written response to
16 plaintiffs' request for production of documents is protected by work product.  How plaintiffs'
17 counsel can make a good faith claim that thousands of pages of documents, with no handwritten
18 annotations or plaintiffs' counsel's highlighting, are properly protected by the work product
19 doctrine, is unfathomable and raises the issue of whether sanctions should be imposed on
20 plaintiffs' counsel under Federal Rule of Civil Procedure 11.

21       Moreover, it appears plaintiffs' counsel made no meaningful attempt to segregate
22 out those documents which are responsive to the document requests at issue.  The remaining 579
23 pages of documents submitted for <u>in camera</u> review consist mainly of discovery propounded in

---

[1] In addition to black and white hard copies of the documents submitted for <u>in camera</u> review, plaintiffs also provided the documents in colored form in PDF format.  Both the hard copies and the electronic version were reviewed by the court.

1  this action, again with minimal or no annotations.  Given the specific requests identified above,
2  plaintiffs' submission for <u>in camera</u> review of unannotated copies of plaintiffs' propounded
3  discovery, defendants' propounded discovery, deposition transcripts, copies of the complaints
4  filed in this action and wholesale submission of documents produced by defendant is an abuse of
5  the court process.
6       It appears that documents bate-stamped 2743-2769, consisting in the main of
7  plaintiffs' counsel's handwritten notes, are properly protected under the work product doctrine.
8  Even so, however, it is not at all readily apparent to the court why plaintiffs' counsel believes
9  that printed internet directions to a residence are in any way responsive to the document requests
10 at issue.  Documents bate-stamped 2770-2829 consist of letters dated July, 2011, which were not
11 previously identified in plaintiffs' privilege log, are properly protected as attorney-client
12 communications.  Documents bate-stamped 2830-2850 were previously identified by plaintiffs in
13 the privilege log and were properly withheld from production under the attorney-client privilege.
14      The conduct of plaintiffs' counsel in this discovery dispute has caused an
15 unwarranted expenditure of defense counsels' time and the court's resources.  Of the documents
16 withheld by plaintiff under the work product protection, very few pages were even arguably
17 responsive to the document requests and the vast majority were defendants' own documents,
18 without any annotations or highlights by plaintiffs' counsel.  The court will make no further order
19 with respect to the documents submitted for <u>in camera</u> review in light of the fact that it appears
20 defendants already have in their possession the documents improperly withheld.  Plaintiffs'
21 counsel is admonished, however, and cautioned that continued litigation conduct of the kind
22 evident on this motion will be subject to Rule 11 sanctions.
23 ////
24 ////
25 ////
26 ////

1    Accordingly, IT IS HEREBY ORDERED that production to defendants of the
2 documents submitted for <u>in camera</u> review is not required.

3 Dated: November 3, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4  mitchell11.icr