IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MITCHELL, et al.,

    Plaintiffs,                       No. CIV S-09-2241 CKD

    vs.

SKYLINE HOMES,

    Defendant.                      ORDER

_____/

        Defendant's motion to compel depositions of plaintiffs Jerry Wright and Dawn Wright (dkt. nos. 164, 173) and motion to compel further responses to interrogatories and for sanctions (dkt. nos. 165, 174) are pending before the court. The parties have submitted letter briefs on the issues as directed by the court's December 1, 2011 order. Upon review of the letter briefs, and good cause appearing, THE COURT FINDS AS FOLLOWS:

        Defendant moves to compel the depositions of plaintiffs Jerry Wright and Dawn Wright. Plaintiffs contend that they intend to dismiss these plaintiffs and therefore their depositions are unnecessary. A motion to dismiss under Federal Rule of Civil Procedure 41(a)(2) has not been filed by plaintiffs. Whether defendant will stipulate to dismissal of these plaintiffs is a matter of conjecture. The court must address a motion based on the procedural posture of the action at the time of ruling on the motion. The plaintiffs defendant seeks to depose are presently named plaintiffs and are appropriately subject to deposition. The motion to compel will therefore

1   be granted.  However, it appears that allowing a limited time period for the completion of the
2   depositions, rather than setting the depositions on December 19 and 20, 2011 as requested by
3   defendant, is warranted.  The court will therefore order that the depositions be completed no later
4   than January 31, 2012.

5   In the letter briefs, plaintiffs' counsel states that plaintiffs will not file a motion
6   for class certification.  The court construes said statements as a request to dismiss the class
7   allegations.  That request will be granted and this action will no longer proceed with the class
8   allegations.  It is appropriate, therefore, to schedule the matter under Federal Rule of Civil
9   Procedure 16.  The parties will be directed to file status reports so that the matter may be
10  appropriately scheduled.

11  Defendant also moves to compel further responses to interrogatories and for
12  sanctions for alleged spoliation of evidence.  Defendant contends that plaintiffs have engaged in
13  destructive testing of putative class members' homes.  Whether there has been destructive testing
14  to the extent that defendant has been precluded from performing its own tests is not clear from
15  the record presently before the court.  In light of the court's dismissal of the class allegations,
16  however, the discovery sought here does not appear to be relevant to the individual plaintiffs'
17  claims.[1]  The motion will therefore be denied with respect to discovery and/or spoliation related
18  to putative class members.  With respect to the repairs done to the plaintiff Wrights' home, and
19  which were only recently disclosed, evidentiary sanctions may be appropriate.  The motion will
20  be denied without prejudice to its renewal after the depositions of the Wrights have been
21  completed.

22  It appears at this juncture, with the dismissal of the class allegations and plaintiff's
23  proposal to dismiss the Wright plaintiffs, that the dispute may be amendable to mediation.  The

---

[1] The contention of plaintiff's counsel that an offer to dismiss class allegations moots the instant motion is not well taken.  Because the class allegations were still pending in this action, defendant appropriately moved to compel discovery relevant to those claims and for sanctions.

parties are advised that a court settlement conference may be set before another magistrate judge if the parties so desire.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to compel depositions of plaintiffs Jerry Wright and Dawn Wright (dkt. nos. 164, 173) is granted. In the absence of a stipulation by the parties under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) dismissing the claims of plaintiffs Jerry Wright and Dawn Wright, said plaintiffs shall attend their depositions no later than January 31, 2012.

2. The class allegations are dismissed without prejudice. Fed. R. Civ. P. 23(d)(1)(D), 23(e). Plaintiffs may not amend to replead class allegations in this action.

3. No later than January 3, 2012, the parties shall file status reports with proposed dates for the discovery cut-off, proposed dates by which dispositive motions are to be filed, and proposed dates for the final pretrial conference and trial. Upon submission of the status reports, the court shall issue a scheduling order.

4. The motion to compel and for sanctions (dkt. nos. 165, 174) is denied with respect to discovery related to putative class members. The motion is denied without prejudice as to discovery related to the Wright's home. The court finds an award of expenses is not warranted considering all of the circumstances reflected in the record before it on this motion. Fed. R. Civ. P. 37 (b)(2)(C).

5. Should the parties wish to proceed with a court settlement conference, the parties may contact the courtroom deputy of the undersigned and so advise the court.

Dated: December 12, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
mitchell13.mtc

3