IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTINA MITCHELL, et al.,

    Plaintiffs,                          No. CIV S-09-2241 CKD

    vs.

SKYLINE HOMES,

    Defendant.                         ORDER

_____/

        Pending before the court is plaintiffs' motion to remand. Upon review of plaintiff's brief, the court has determined no further briefing is necessary. Accordingly, THE COURT FINDS AS FOLLOWS:

        Plaintiffs move to remand this action to state court. At this stage of the proceedings, plaintiffs assert they intend to proceed on claims that are less than the jurisdictional amount for diversity jurisdiction. Plaintiffs contend that remand is appropriate because the class allegations have been dismissed pursuant to plaintiffs' request to dismiss those allegations.

        Plaintiffs acknowledged in the status report filed May 19, 2010 that subject matter jurisdiction was proper under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). See Dkt. no. 44 at 4:2-3. As noted by one court, as with a court determination not to certify a class, plaintiff's decision not to pursue class certification does not destroy CAFA jurisdiction.

1

See In re Burlington Northern Santa Fe Ry. Co., 606 F.3d 379, 381 (7th Cir. 2010). "There are compelling reasons to conclude that such a post-removal amendment also does not destroy CAFA jurisdiction. The same considerations of expense and delay apply, and in addition, allowing plaintiffs to amend away CAFA jurisdiction after removal would present a significant risk of forum manipulation. CAFA's legislative history reflects an awareness of the latter concern, citing the existing rule that "jurisdiction cannot be 'ousted' by later events," and explaining that if the rule were otherwise, "plaintiffs who believed the tide was turning against them could simply always amend their complaint months (or even years) into the litigation to require remand to state court." Id., citing S.Rep. No. 109-14, at 70-71 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 66. "A case 'should not be shunted between court systems.'" Id., citing Cunningham Charter Corp. v. Learjet, 592 F.3d 805, 807 (7th Cir. 2010).

"[C]ontinued jurisdiction under § 1332(d) 'does not depend on certification.' If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court." United Steel, et al., v. Shell Oil Co., 602 F.3d 1087, 1092 (9th Cir. 2010), citing Cunningham, 592 F.3d at 806. In this action, removal was proper under CAFA; remand is not.

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to remand (dkt. no. 188) is denied.

Dated: January 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

mitchell.rem