1

2

3

4

5

6

7                          IN THE UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9    CHRISTINA MITCHELL, et al.,

10             Plaintiffs,                   No. CIV S-09-2241 CKD

11        vs.

12   SKYLINE HOMES,

13             Defendant.                    <u>ORDER</u>

14   _____/

15             Plaintiff's motion for attorney fees came on regularly for hearing February 22,

16   2012.  Shana Scarlett appeared for the moving plaintiffs, Jerry and Dawn Wright.  Daniel Kelly

17   appeared for defendant.  Upon review of the documents in support and opposition, upon hearing

18   the arguments of counsel, and good cause appearing, THE COURT FINDS AS FOLLOWS:

19             Pending before the court is plaintiffs' motion for attorneys fees under California

20   Code of Civil Procedure section 1021.5.  The motion is brought on behalf of plaintiffs Dawn and

21   Jerry Wright.  The motion is not brought on behalf of plaintiff Christina Mitchell.[1]

22   \\\\\

23

24        [1] The Hagens Berman firm is listed on the docket as representing plaintiff Mitchell.  At
     the hearing on the present motion, plaintiff's counsel represented that she was unaware of her co-
25   counsels' position regarding attorneys fees. Counsel also indicated that she intends to withdraw
     as counsel; in the circumstances of this case counsel shall not be permitted to withdraw absent
26   court approval.

                                              1

1    Plaintiffs Wright seek attorneys fees in the amount of $235,716.25.  They contend

2  that even though they have voluntarily dismissed their claims and the class allegations have been

3  dismissed, attorneys fees should be awarded because their lawsuit was a catalyst leading to

4  remedial measures.[2]  To prevail on a catalyst theory under section 1021.5, plaintiffs must

5  demonstrate that "(1) the lawsuit was a catalyst motivating the defendants to provide the primary

6  relief sought; (2) . . . the lawsuit had merit and achieved its catalytic effect by threat of victory,

7  not by dint of nuisance and threat of expense, as elaborated in Graham; and (3) . . . the plaintiffs

8  reasonably attempted to settle the litigation prior to filing the lawsuit."  Hogar v. Community

9  Development Commission, 157 Cal. App. 4th 1358, 1365 (2008) (citations omitted); see also

10  Graham v. DaimlerChrysler Corp., 34 Cal. 4th 553 (2005) (attorney fee award under private

11  attorney general doctrine may be justified even when legal action does not result in favorable

12  final judgment; court should take broad, pragmatic view of what constitutes successful party

13  under section 1021.5).

14    The court finds persuasive defendant's evidentiary submissions on this motion.

15  The court concludes that the decision to include a weather resistive barrier ("WRB") on homes

16  manufactured by defendant Skyline Homes was related to factors other than this litigation.  After

17  review of the pleadings in the 203 docket entries, attached exhibits and a banker's box of in

18  camera documents, it does not appear that plaintiffs' litigation was a substantial factor

19  contributing to defendant's action in changing its business practice.  See Hogar, 157 Cal. App.

20  4th at 1365-66 (under catalyst theory, plaintiff is successful party and entitled to attorneys fees if

21  its lawsuit motivated defendant to voluntarily provide relief sought by plaintiff).

22    In addition, the court finds on the present record that the Wrights' claims were of

23  questionable merit.  Plaintiffs adduce no evidence on this motion of any water damage suffered

24

25    [2] In support of their motion, plaintiffs submit the declaration of Lonnie Haughton.
Defendant moves to strike.  The court will consider the Haughton declaration solely in
26  connection with the motion for attorneys fees.

1    by the Wrights or other class members attributable to lack of a WRB.  See Haughton decl. ¶ 38.

2    Moreover, plaintiff's expert Haughton opines only that lack of a WRB increases the likelihood of

3    water damage, not that it will more probably than not lead to water damage.  Plaintiffs' evidence

4    does not therefore establish by a preponderance of evidence the damages element of their state

5    law claims; thus plaintiffs fail on the merit prong.

6            Finally, the court finds plaintiffs did not make a reasonable effort to settle the

7    lawsuit prelitigation.  Plaintiffs contend they met the prelawsuit demand for settlement because

8    of a letter sent to defense counsel by Jeff Friedman of the Hagens, Berman firm in December

9    2009.  See Plaintiffs' Exh. 5.  This letter is clearly not prelitigation since the action was filed in

10   state court in June 2009 and removed to federal court in August 2009.[3]  Assuming arguendo that

11   the December 2009 letter is a prelitigation demand because the Wrights were not yet named

12   plaintiffs, the relief sought in the December 2009 letter is not the "relief" plaintiffs now claim to

13   have catalyzed by their lawsuit.  The remedies demanded in the December 2009 letter address

14   inspection and repair of water damage on homes already sold by defendants.  The "relief"

15   plaintiffs allegedly achieved here is that a WRB will be included on future homes manufactured

16   by defendant.[4]  In addition, the court has previously found (and was conceded by plaintiff) that

17   Mitchell's claims under the California Right to Repair Act (RORA) were barred because that

18   statute was inapplicable to her home since the statute only applies to new residential units

19   purchased after January 1, 2003.  See dkt. no. 41 at 4:1-2, Order on motion to dismiss.  A

20   "prelitigation" demand, which is based on a clearly unviable claim, and which demands none of

21   the relief plaintiffs allege to have catalyzed, cannot be fairly characterized as fulfilling the public

22   policy underlying the requirement that a successful claimant for attorneys fees under section

23

24   [3] The letter is dated December 23, 2009.  The amended complaint, on which the demands in the letter were based, was filed December 22, 2009.  Dkt. no. 27.

25   [4] The court notes that since no injunction has issued and there is no binding agreement
26   between the parties, defendant could again change its business practices and decide not to use a WRB on homes manufactured for the California market.

1   1021.5 have made a prelitigation demand for settlement.  See Graham v. Daimler Chrysler Corp.,

2   34 Cal. 4th at 577 (awarding attorneys fees for litigation when right could have been vindicated

3   by reasonable efforts short of litigation does not advance objective of section 1021.5 and

4   encourages lawsuits that are more opportunistic than authentically for the public good; plaintiff

5   must notify defendant of its grievances and proposed remedies and give defendant opportunity to

6   meet its demands within reasonable time).

7           Plaintiffs' lawsuit was not a catalyst in providing the primary relief sought by

8   plaintiffs, the claims are of questionable merit, and the "prelitigation demand" did not

9   meaningfully afford a reasonable opportunity for settlement.  Plaintiffs' motion will therefore be

10  denied.

11          Accordingly, IT IS HEREBY ORDERED that:

12          1.  Defendant's motion to strike the declaration of Lonnie Haughton (dkt. no. 195)

13  is denied in part.  The declaration has been considered by the court for the limited purpose of the

14  motion for attorneys fees; such consideration is not determinative on the admissibility at trial of

15  testimony by Lonnie Haughton.

16          2.  Plaintiffs' motion for attorneys fees (dkt. no. 182) is denied.

17   Dated: February 22, 2012

18                                              _____
                                                CAROLYN K. DELANEY
19                                              UNITED STATES MAGISTRATE JUDGE

20

21   4
     mitchell8.ckd.oah
22

23

24

25

26

4